UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CANDICE PATTI,

Plaintiff,                                              Case No.: 9:19-cv-81245-RKA

v.

THE LAW OFFICES OF MITCHELL D.
BLUHM & ASSOCIATES, LLC,

Defendant.
_____/

**DEFENDANT THE LAW OFFICES OF MITCHELL D. BLUHM &
ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**

Defendant, The Law Offices of Mitchell D. Bluhm & Associates, LLC ("MBA"), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Candice Patti ("plaintiff"), and states:

MBA admits plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, but denies any violations, liability, and wrongdoing under the law. Except as specifically admitted, MBA denies the allegations.

**JURISDICTION AND VENUE**

1.  Upon information and belief, MBA admits this Court has jurisdiction. Except as specifically admitted, MBA denies the allegations in ¶ 1.

2. Upon information and belief, MBA admits this Court has jurisdiction. Except as specifically admitted, MBA denies the allegations in ¶ 2.

3. Upon information and belief, MBA admits venue is proper. Except as specifically admitted, MBA denies the allegations in ¶ 3.

## PARTIES

4. Upon information and belief, MBA admits the allegations in ¶ 4.

5. MBA admits it is a limited liability company and has an office in Sherman, Texas. Except as specifically admitted, MBA denies the allegations in ¶ 5 as calling for a legal conclusion.

6. MBA admits part of its business is the collection of debts and it uses the mail and telephone to do so. Except as specifically admitted, MBA denies the allegations in ¶ 6.

7. MBA denies the allegations in ¶ 7 as calling for a legal conclusion.

## DEMAND FOR JURY TRIAL

8. MBA admits plaintiff purports to demand a jury trial but denies that MBA is not entitled to judgment as a matter of law, and denies any violations, liability, and wrongdoing under the law. Except as specifically admitted, MBA denies the allegations in ¶ 8.

## FACTUAL ALLEGATIONS

9. MBA denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10. MBA denies the allegations in ¶ 10.

11. MBA admits it is a business entity and part of its business is the collection of debts.  Except as specifically admitted, MBA denies the allegations in ¶ 11.

12. MBA denies the allegations in ¶ 12 as calling for a legal conclusion.

13. MBA admits the allegations in ¶ 13.

14. MBA denies the allegations in ¶ 14 as calling for a legal conclusion.

15. MBA denies the allegations in ¶ 15 as calling for a legal conclusion.

16. MBA denies the allegations in ¶ 16 as calling for a legal conclusion.

17. MBA denies the allegations in ¶ 17 as calling for a legal conclusion.

18. MBA denies the allegations in ¶ 18 as calling for a legal conclusion.

19. MBA admits an account placed in Plaintiff's name was placed with MBA for collection.  Except as specifically admitted, MBA denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20. Exhibit A to plaintiff's Complaint speaks for itself and is the best evidence of its content.  To the extent plaintiff's allegations in ¶ 20 state otherwise, denied

21. MBA denies the allegations in ¶ 21 as calling for a legal conclusion.

22. MBA denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23. MBA denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein.

24. Exhibit A to the plaintiff's Complaint, which plaintiff labels the "Collection Letter," speaks for itself and is the best evidence of its content.  To the extent plaintiff's allegations in ¶ 24 state otherwise, denied.

25. Exhibit A to the plaintiff's Complaint, which plaintiff labels the "Collection Letter," speaks for itself and is the best evidence of its content. To the extent plaintiff's allegations in ¶ 25 state otherwise, denied.

### *COUNT I.*
### **VIOLATION OF 15 U.S.C. § 1692e**

26. MBA reasserts the foregoing as if fully stated herein.

27. MBA denies the allegations in ¶ 27.

28. MBA denies the allegations in ¶ 28.

29. MBA denies the allegations in ¶ 29.

30. MBA denies the allegations in ¶ 30.

31. MBA denies the allegations in ¶ 31.

32. MBA denies the allegations in ¶ 32.

### *COUNT II.*
### **VIOLATION OF FLA. STAT. § 559.72(9)**

33. MBA reasserts the foregoing as if fully stated herein.

34. Section 559.72, Fla. Stat., of the FCCPA speaks for itself and is the best evidence of its content. To the extent plaintiff's allegations in ¶ 34 state otherwise, denied.

35. MBA denies the allegations in ¶ 35.

36. MBA denies the allegations in ¶ 36.

### **PRAYER FOR RELIEF**

MBA admits plaintiff purports to request various forms of relief, but denies plaintiff is entitled to judgement or the relief sought in the un-numbered WHEREFORE clause, including subparts a-e.

## MBA'S AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. MBA denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of MBA's purported violations.

3. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than MBA and were beyond the control or supervision of MBA or for whom MBA was and is not responsible or liable.

6. Plaintiff has failed to state a claim against MBA upon which relief may be granted.

WHEREFORE, Defendant, The Law Offices of Mitchell D. Bluhm & Associates, LLC, requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Erik J. King*
Erik J. King, Esq.
Florida Bar No. 1011805
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
Sessions, Fishman, Nathan & Israel, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 890-2469
Facsimile: (877) 334-0661
eking@sessions.legal
dvanhoose@sessions.legal

*Counsel for Defendant,*
*The Law Offices of Mitchell D. Bluhm &*
*Associates, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 11th day of October 2019, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.

Jibrael S. Hindi, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th St., 17th Floor
Fort Lauderdale, FL 33301
jibrael@jibraellaw.com

*/s/ Erik J. King*
Attorney